United States District Court
Western District of Michigan

John Wartley,
   Plaintiff

V.

A.D.W Hoffman,
Marsha Nurkola (R.U.M),
   Defendants.
(In Their Individual Capacity)

Case No.

FILED - MQ
May 15. 2024 1:14 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ____sk____ /MC 5-15-24

2:24-cv-79

Maarten Vermaat - Magistrate Judge

Jury Trial Demanded

There is no other pending or resolved civil action arising out of the same transaction or occurance as alleged in this complaint.

## I. Jurisdiction And Venue

1. This complaint is authorized by 42 USC §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 USC §1331 and 1343(a)(3).

2. The Western District Court has appropriate venue under 28 USC §1391(b)(2) because it is where the events giving rise to this claim occured.

## II. Plaintiff

3. The Plaintiff John Wartley, (hereinafter "Plaintiff"), is a prisoner of the Michigan Department of Corrections (MDOC) and is currently located at Baraga Correctional Facility (AMF), 13924 Wadaga Rd, Baraga, MI 49908, where the events complained of transpired.

4. The Plaintiff seeks to redress the violation of his liberty interest to obtain a parole release in this court where the Defendants capriciously abuse their authority to keep the

1.

Plaintiff is a super-max prison which has hendered his ability to receive a parole.

## III. Defendants

5. Defendant, ADW Hoffman, (hereinafter "Hoffman") is and was the Assistant Deputy Warden (ADW) here at Baraga Correctional Facility when the violation alleged in this complaint transpired. Hoffman has the authority to transfer prisoners, such as the Plaintiff, to lower security level and is accused of capriciously continuing the Plaintiff's placement in level 5 despite the fact Plaintiff has gone 13 months misconduct free and has level 2 management points which has hendered his ability to receive a parole release in violation of his Liberty Interest.

6. Defendant, Marsha Norkala (hereinafter "Norkala") is and was at all times the Resident Unit Manager (R.U.M) here at Baraga Correctional Facility when the violation alleged in this complaint transpired. Norkala has the authority to place qualified prisoners, such as the Plaintiff, on the "Transfer" list to a lower facility and is accused of unreasonably choosing to continue the Plaintiff's placement in level 5 which has been used against him and has hendered his ability to receive a parole release in violation of his Liberty Interest.

## IV Statement of Facts

7. On January 11, 2023, the Plaintiff rode into AMF under the false pretense of an S.T.G II (Security Threat Group) prisoner due to falsified documents that have been filed in his prisoner record since back in 2013

3. Since his arrival, the Plaintiff has managed to go 13 months ticket free and earned <u>level 2</u> management points which Plaintiff received on December 28 2023 during his annual Classification screening. (See Security Classification Review sheet Attached as Appendix A)

2.

9. The Plaintiff has made numerous attempts to be placed on the transfer list to level 4 for the sake of his Liberty Interest in being able to receive a parole as it is common knowledge that prisoners held in a SuperMax facility have a lesser chance of being granted a parole even if they are not true level 5 prisoners per classification.

10. The Plaintiff first attempt to petition for a transfer to level 4 was on November 16, 2023 when Plaintiff submitted a kite to Deputy Warden Hoffman to inquire about transferring to level 4 but the kite to Hoffman was intercepted by Defendant Nurkala.

11. Defendant Nurkala contrary to MDOC Policy and relying on false documentation that was foisted into the Plaintiff's record, responded to the kite alleging that "STG II" prisoners could not transfer to level 4 without CFA and EMS approval and further stating that the Plaintiff "Just became 1 year ticket free after multiple serious + assaultive misconducts. At this time, it is not recommended by me to depart you to level 4" (see kite response Attached as Appendix B)

12. Defendant Nurkala's response that she does not recommend for the Plaintiff to depart to level 4 inadvertly reveals that despite her assertion that STG II prisoners cannot transfer to level IV without CFA and EMS approval, She has authority to have the Plaintiff transferred to level 4 without CFA and EMS approval.

13. The Plaintiff followed up with multiple kites to Defendants Hoffman and Nurkala in December of 2023 informing both Defendants that his parole hearing was nearing soon and that his eligibility to obtain a parole was in jeopardy due to his capricious placement in a SuperMax facility and that he needed to be transfered to a lower-level facility to protect his Liberty Interest under the Fourteenth Amendment.

14. The Defendant Hoffman responded to one of the Plaintiff's kites stating that the Plaintiff has no right to any particular placement and that there is no liberty interest in receiving a parole, however, the Plaintiff has misplaced the response kite by Hoffman over the course of time

3.

15. The Plaintiff then followed up with filing a copy of a grievance against Hoffman and Nurkala sometime in January of 2024 before seeing the Parole Board. but it was never processed by the Administration.

16. On March 18, 2024, the Plaintiff went before the Parole Board where he was interviewed by Parole Board Member Aaron Dungy and on that same date and on March 21, 2024, the Parole Board denied the Plaintiff a parole release, in part, due to his placement in a maximum security facility (see, Parole Board Decision attached as Appendix C)

17. On March 26, 2024 the Plaintiff filed another Step 1 grievance against Defendant Hoffman and Nurkala - which was processed by the Administration and is currently pending an investigation for the Liberty interest violation alleged in the complaint.

## V. Exhaustion of Remedies

18. The Plaintiff made a good-faith attempt to exhaust his administrative remedies concerning his misplacement in level 5 when he filed his first step 1 grievance against both Hoffman and Nurkala in January of 2024 which, too no fault of his own was not processed by the Administration as mentioned in paragraph 15.

9. After receiving a 12 month flop from the parole board due, in part, to his placement in level 5, the Plaintiff filed another step 1 grievance against Hoffman and Nurkala concerning the ongoing violation of his Liberty interest by being held capriciously in a supermax facility which has hendered his ability to receive a parole. This grievance is still being investigated by the Administration as of this writing.

10. Therefore, due to his first attempt to resolve the issue before having his Liberty interest violated after receiving his 12 month flop the Plaintiff has been denied access to the grievance process when the administration refused to process the first step 1 grievance and has suffered the irrevocable loss of his Liberty.

4.

## VI. Legal Claims

21. The Plaintiff realleges and incorporates by reference paragraphs 1-20 as though fully stated herein.

22. The acts and omissions of Defendant Hoffman and Norkala, as alleged in this complaint, where both Defendants refused to exercise their authority to transfer the Plaintiff to a lower level facility so to protect his liberty interest before his parole board interview was scheduled, and instead, capriciously decided to keep him placed in a supermax facility though he does not qualify to continue placement in such a facility and was denied parole release in part due to his level 5 placement, constituted as a violation of his liberty interest under the US Constitution Fourteenth Amendment.

## VII. Relief Requested

Wherefore, the Plaintiff humbly request that this Honorable Court grant the following relief:

A. Award punitive damages against both Defendants in the amount of $100,000, jointly and severally, for the constitutional violation alleged in this complaint.

B. Award compensatory damages against both Defendants in the amount of $50,000, jointly and severally, for the constitutional violation alleged in this complaint.

C. Award nominal damages against both Defendants in the amount of $5,000 each.

D. Award the Plaintiff any other relief this Court deems just and equitable.

## VII. Verification

I John D. Wartley Jr, pursuant to 28 USC § 1746, declare under the penalty of perjury that, I have examined this complaint and that the statements made therein are True and Correct and I am competent and willing to testify to the truthfulness of the statements made in this complaint.

Dated: May 2, 2024

Truthfully Submitted,

S: *John Wartley*

John Wartley

6

John Wartley #462928
Baraga Corr fac
13924 Wadaga Rd
Baraga, Mich 49908

U.S D[istrict]
Court
P.O. Box
Marquet[te]



strict Court

Clerk Office

98 - 330 federal Building

e, Mich 49855